IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

Diedra Grant,                              )
                                           )        Civil Action No. 8:13-128-HMH-KFM
                        Plaintiff,         )
                                           )
            vs.                            )        **REPORT OF MAGISTRATE JUDGE**
                                           )
Wells Fargo Bank National Association,     )
                                           )
                        Defendant.         )
_____  )

This matter is before the court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In her complaint[1], the plaintiff alleges causes of action against her former employer for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and breach of contract under South Carolina law.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTUAL ALLEGATIONS

The plaintiff contends that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the defendant bank, and she later withdrew her claim in order to be reinstated in her job.[2] She was reinstated at a new branch location. On her first day at the new branch, two employees told the plaintiff that they knew about the EEOC charge and "would not put up with what happened at the previous branch." She claims she was "consistently harassed and inappropriately singled out and monitored

_____

[1]The complaint was filed in state court on December 5, 2012, and was removed to federal court by the defendant on January 11, 2013, based on federal question jurisdiction.

[2]The plaintiff does not state in her complaint what position she held at the bank, but it appears that she was a teller.

throughout her employment." She claims that during the last quarter of her employment, she was one product away from meeting her goal to receive a monetary bonus. She claims her supervisor made her work at the drive thru because other employees were not close to meeting their goals and therefore needed to be at the front counter. The plaintiff alleges this was done to prevent her from achieving her monetary bonus. The plaintiff further alleges that she received a disciplinary write-up for disrespecting the defendant's property, which she denied, and was told that she had to sign the write-up or be terminated. She claims that "the working environment became so intolerable that . . . [she] decided to respectfully offer her two week resignation, and [she] was immediately asked to leave the premises by the Defendant." The plaintiff claims that she was "dismissed from her employment" in retaliation for filing the EEOC charge (comp. ¶¶ 5-17).

In support of her breach of contract claim, the plaintiff alleges that the defendant maintains "certain policies" written in "mandatory terms" in its employee handbook and that the defendant's actions violated these policies in breach of contract under South Carolina law (*id.* ¶¶ 21-22).

## APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569).

2

Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

## ANALYSIS

### *Retaliation*

To establish a *prima facie* case of retaliation under Title VII, the plaintiff "must prove that (1) she engaged in a protected activity, (2) the employer acted adversely to her, and (3) there was a causal connection between the protected activity and the asserted adverse action." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (citation omitted). The United States Supreme Court has held that the anti-retaliation provision of Title VII, unlike the substantive provision, "is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 64 (2006). However, the anti-retaliation provision "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." Id. at 67. "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.' " *Id.* at 68 (*citing Rochon v. Gonzales*, 438 F.3d 1211, 1217–18 (D.C.Cir.2006)). "[N]ormally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Id.*

The defendant argues that the motion to dismiss should be granted because the plaintiff's complaint does not allege a materially adverse employment action. This court

3

agrees. The facts alleged by the plaintiff in support of her retaliation claim are as follows: she was told by employees at the new branch that they "would not put up with what happened at the previous branch"; she was "consistently harassed and inappropriately singled out and monitored throughout her employment"; when she was close to meeting her goal to receive a monetary bonus, her supervisor reassigned her to the drive thru to prevent her from achieving her bonus; she received a disciplinary write-up for disrespecting the defendant's property; and the working environment became so intolerable that she decided to resign.

The undersigned agrees with the defendant that the plaintiff's conclusory allegation that she was "consistently harassed and inappropriately singled out and monitored throughout her employment," with no supporting facts or examples, does nothing to support her claim. The Supreme Court has held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 681. *See Smith v. Commonwealth Dep't of Agric. & Consumer Servs.*, C.A. No. 3:12cv77, 2012 WL 2401749, at *7 n.10 (E.D. Va. June 25, 2012)(stating that although plaintiff repeatedly alleges harassment in a conclusory fashion, she fails to assert facts establishing the plausibility of that allegation); *Showell v. Bd. of Educ. of Wicomico Cnty*, C.A. No. RDB-10-3477, 2011 WL 5877220, at *12 (D. Md. Nov. 22, 2011) (dismissing plaintiff's claims that he was "subject to 'intimidation' and 'threats'" and "was harassed on multiple teaching assignments'" where he failed to "provide concrete examples of the intimidation practices he suffered and only made conclusory statements as to the hostile and abusive conduct").

Moreover, the specific instances of the defendant's alleged retaliatory actions, which includes the statement by employees that they "would not put up with what happened at the previous branch," the plaintiff's assignment to the drive-thru when she was close to making her bonus, and the disciplinary write-up for disrespecting the defendant's property,

4

do not constitute adverse employment actions as they would not have dissuaded a reasonable worker from making or supporting a charge of discrimination. *See, e.g., Parsons v. Wynne*, 221 Fed. Appx. 197, 198-99 (4th Cir. 2007) (finding that "even under the *Burlington* standard," an adverse performance evaluation, which caused plaintiff not to receive a discretionary financial bonus, and plaintiff's removal from an alternate work schedule did not constitute materially adverse employment actions); *Auriemma v. Logan's Roadhouse, Inc.*, C.A. No. 7:12cv00284, 2012 WL 5844967, at *4 (W.D. Va. Nov. 19, 2012) (finding plaintiff's allegations that defendant subjected her to heightened oversight and scrutiny, threatened to report her for minor infractions, and failed to respond to her complaints, requests, and inquiries did not constitute adverse employment action); *Washington v. Norton*, C.A. No. 3:04cv104, 2007 WL 1417290, at *4 (N.D.W.Va. May 11, 2007) ("Reprimanding an employee for unprofessional conduct or warning an employee about poor performance by letter ... would not dissuade a worker from filing protected complaints").

Furthermore, the plaintiff's allegations do not plausibly satisfy the elements required to show a constructive discharge. Constructive discharge, like any other discharge, is an adverse employment action that will support an action for unlawful retaliation." *West v. Marion Merrell Dow, Inc.*, 54 F.3d 493, 497 (8th Cir.1995) (citations omitted). In the Fourth Circuit, "an employee is constructively discharged 'if an employer deliberately makes the working conditions of the employee intolerable in an effort to induce the employee to quit.' " *Whitten v. Fred's Inc.*, 601 F.3d 231, 248 (4th Cir. 2010) (quoting *Martin v. Cavalier Hotel Corp*., 48 F.3d 1343, 1353–54 (4th Cir.1995)), *abrogated on other grounds by Vance v. Ball State University*, No. 11-556, 2013 WL 3155228 (U.S. June 24, 2013). "A plaintiff alleging constructive discharge must therefore prove two elements: deliberateness of the employer's action, and intolerability of the working conditions." *Id*. "However, mere dissatisfaction with work assignments, a feeling of being unfairly criticized,

or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *James v. Booz–Allen & Hamilton, Inc.*, 368 F.3d 371, 378 (4th Cir.2004) (internal quotation marks and alterations omitted).

The plaintiff's allegations regarding the defendant's actions are not the type that make the workplace "objectively intolerable." *See Auriemma*, 2012 WL 5844967, at *4 (finding plaintiff's allegations did not satisfy intolerability requirement of retaliation claim based upon constructive discharge). Furthermore, with regard to the deliberateness element, the plaintiff argues in her response to the motion to dismiss that she can show the defendant's actions were intended as an effort to force her to quit "because of the pattern of disparate treatment. This pattern of treatment started on the first day she arrived and continued to the last day when she resigned" (pl. resp. m. to dismiss at p. 9). However, at no point in her complaint does she allege facts to support her claim that the actions of which she complains were done with the deliberate intent to force her to resign.

Based upon the foregoing, the plaintiff's retaliation claim should be dismissed for failure to state a claim.

### Breach of Contract

There is a presumption in South Carolina that employees are at-will. *Prescott v. Farmer's Tel. Co-Op., Inc.*, 516 S.E.2d 923, 927 n. 8 (S.C. 1999). Accordingly, in order to survive a Rule 12(b)(6) motion to dismiss on a claim for breach of a contract of employment, "a plaintiff 'must plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'" *Perrine v. G4S Solutions (USA), Inc.*, C.A. No. 2:11-1210-RMG, 2011 WL 3563110, at *1 (D.S.C. Aug. 9, 2011) (quoting *Amason v. P.K. Management, LLC*, C.A. No. 10-1752-JFA, 2011 WL 1100169, at *6 (D.S.C. Mar.23, 2011)). "[G]eneral and conclusory allegations are not sufficient to establish the existence of an employment contract." *Nicholson v. Science Applications Int'l*

*Corp.*, C.A. No. 2:12-2779-PMD-BM, 2012 WL 6568399, at *2 (D.S.C. Nov. 27, 2012), *adopted by* 2012 WL 6588635 (D.S.C. Dec. 17, 2012).

In support of her breach of contract claim, the plaintiff alleges that the defendant maintains "certain policies" written in "mandatory terms" with "no conspicuous disclaimer" in its employee handbook and that the defendant's actions violated these policies in breach of contract under South Carolina law (comp. ¶¶ 21-22). As argued by the defendant, the plaintiff's complaint contains exactly the type of conclusory allegations that are insufficient to establish the existence of an employment contract beyond the at-will relationship. The plaintiff's complaint does not cite to any specific policy or procedure, or offer any language contained within the handbook, that supposedly altered the presumptively at-will arrangement between the plaintiff and defendant. Additionally, she does not identify any specific conduct undertaken by defendant that resulted in a breach of these policies or procedures. Without any specification of the terms of the alleged contract or what defendant did to breach it, the plaintiff has not provided the court or the defendant with sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship. *See Nicholson*, 2012 WL 6568399, at *2-4 (granting Rule 12(b)(6) motion to dismiss plaintiff's breach of contract claim where the complaint "alleged in very general and conclusory terms that [the plaintiff] 'entered into a contract' with the Defendant, executed various [unspecified] documents which constituted a contract of employment, and that the Defendant had an Employee Handbook which used 'mandatory language creating a contractual agreement.' "). The plaintiff's general and conclusory allegations are not sufficient to set forth a plausible claim that a contract of employment existed between the parties or that the defendant breached such contract.

Based upon the foregoing, the plaintiff breach of contract claim should be dismissed for failure to state a claim.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 6) should be granted.  This court further recommends that the defendant's request for costs and fees incurred in filing the motion to dismiss be denied.

IT IS SO RECOMMENDED.


July 12, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge