IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Diedra Grant, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:13-128-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Wells Fargo Bank, National Association, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] In her complaint, Diedra Grant ("Grant") alleges causes of action against Wells Fargo Bank, National Association ("Wells Fargo"), her former employer, for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). In addition, Grant alleges a breach of contract claim under South Carolina law. Wells Fargo moves to dismiss Grant's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In his Report and Recommendation, Magistrate Judge McDonald recommends granting Wells Fargo's motion.

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit it with instructions. 28 U.S.C. § 636(b)(1).

1

Grant filed objections to the Report and Recommendation on July 26, 2013, and Wells Fargo submitted its reply on August 8, 2013. This matter is now ripe for consideration.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the complaint, Grant previously filed a charge against Wells Fargo with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination. (Compl. ¶ 5, ECF No. 1-1.) Grant withdrew the charge in order to be reinstated in her position. (Id. ¶ 5, ECF No. 1-1.) Grant was reinstated in another Wells Fargo branch location. (Compl. ¶ 6, ECF No. 1-1.) Despite Wells Fargo's assurances that the EEOC charge would not be discussed, two employees, including her supervisor, informed Grant on her first day that they were aware of the EEOC charge and that they "would not put up with what happened at the previous branch." (Id. ¶ 7, 11, ECF No. 1-1.) Grant immediately contacted a Wells Fargo representative who assured her that such behavior would not happen again. (Id. ¶ 8, ECF No. 1-1.) Grant claims that she was "consistently harassed and inappropriately singled out and monitored throughout her employment at the new branch." (Id. ¶ 10, ECF No. 1-1.) Grant also alleges that during the last quarter of her employment with Wells Fargo that she was one product sale away from meeting a sales goal that would have resulted in a monetary bonus. (Id. ¶ 11, ECF No. 1-1.) However, Grant claims that her supervisor transferred her from the front counter to the drive-thru intentionally to prevent her from receiving a bonus. (Id. ¶ 11, ECF No. 1-1.) Grant also alleges that she received a disciplinary write-up for disrespecting company property, a charge she denies, and that she was offered the choice to either sign the write-up or be terminated. (Id. ¶¶ 12-13, ECF No. 1-1.) Grant submits that "the working environment became so intolerable that [she] decided to respectfully offer her two week resignation, and [she] was immediately

2

asked to leave the premises by the Defendant." (Id. ¶ 14, ECF No. 1-1.) Grant claims that "she was dismissed from her employment" in retaliation for filing the discrimination charge with the EEOC. (Id. ¶ 15, ECF No. 1-1.)

Grant further alleges a breach of contract claim. (Id. ¶ 22, ECF No. 1-1.) Grant alleges the existence of a contract as a result of "certain policies" written "in a form of a handbook" that are "written in mandatory terms" and that Wells Fargo's actions were in violation of its policies. (Id. ¶¶ 21-22, ECF No. 1-1.)

Grant filed the instant case in the Court of Common Pleas, Greenwood County, South Carolina, on December 5, 2012. (Compl., generally, ECF No. 1-1.) Wells Fargo removed the case to this court pursuant to 28 U.S.C. § 1441(a) on January 11, 2013. (Notice of Removal, generally, ECF No. 1.)

## II. THE REPORT AND RECOMMENDATION

Magistrate Judge McDonald recommends granting Wells Fargo's motion to dismiss the Title VII retaliation claim because Grant does not allege a materially adverse employment action, an essential element of a prima facie case of retaliation. (Report & Recommendation 3, ECF No. 16.) Magistrate Judge McDonald also recommends granting Wells Fargo's motion to dismiss the breach of contract claim because Grant's complaint contains only conclusory allegations that are insufficient to establish the existence of an employment contract. (Report & Recommendation 7, ECF No. 16.)

## III. GRANT'S OBJECTIONS

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

3

review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  Grant specifically objects to the magistrate judge's recommendation to dismiss the Title VII retaliation claim, arguing that she has established a prima facie case of retaliation by alleging sufficient facts that constitute a materially adverse employment action.  (Pl. Objections, generally, ECF No. 17.)  Grant does not object to the magistrate judge's recommendation regarding the breach of contract claim under South Carolina law.

### IV. LEGAL DISCUSSION

#### A. MOTION TO DISMISS STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action if the opposing party fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  Moreover, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), and "draw all reasonable inferences in

favor of the plaintiff," Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

### B. TITLE VII-RETALIATION

Grant alleges that Wells Fargo retaliated against her for filing a charge of discrimination in violation of Title VII. In her objections, Grant argues that she has alleged an adverse employment action sufficient to find a plausible claim of retaliation. (Pl. Objections 2-6.) The elements of a prima facie case of retaliation under Title VII are "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). In order to show an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted). This standard does not require showing "an ultimate employment decision." Prince-Garrison v. Maryland Dept. of Health and Mental Hygiene, No. 08-1090, 2009 WL 667421, at *3 (4th Cir. Mar. 13, 2009) (unpublished) (citing Burlington, 548 U.S. at 68). "[I]t is important to separate significant from trivial harms" because Title VII "cannot immunize [an] employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Burlington, 548 U.S. at 68. However, the purpose of the antiretaliation provision is to "prevent employer interference with 'unfettered access' to Title VII's remedial mechanisms." Id. at 68. This purpose is accomplished "by prohibiting employer actions that are likely 'to deter victims of discrimination

5

from complaining to the EEOC,' the courts, and their employers." Id. (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997)).

The magistrate judge found that the complaint did not allege sufficient facts that Grant suffered an adverse employment action. (Report & Recommendation 4-6.) This court disagrees. Grant alleges that her supervisor was one of two individuals who told her upon her arrival that they "would not put up with what happened at the previous branch." (Compl. ¶ 7, ECF No. 1-1.) Grant alleges that her employment responsibilities were shifted from the front desk to the drive-thru in an effort to prevent her from obtaining a monetary bonus. (Id. ¶ 11, ECF No. 1-1.) Grant also alleges that she was required to either sign a disputed discipline charge or be terminated. (Id. ¶ 12-13, ECF No. 1-1.) Drawing all reasonable inferences in favor of the plaintiff, Grant has sufficiently pled an adverse employment action to support the elements of a prima facie case of retaliation. Based on the foregoing, the court declines to adopt the magistrate judge's report recommending dismissal of the Title VII retaliation claim and therefore denies Wells Fargo's motion to dismiss the retaliation claim. However, the court adopts the magistrate judge's Report and Recommendation as to the breach of contract claim, and the breach of contract claim is dismissed.

It is therefore

**ORDERED** that the Defendant's motion to dismiss, docket number 6, is granted in part and denied in part.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
August 14, 2013